UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD RAFEAL MCCISKILL,

    Plaintiff,

v.                                        Case No. 3:17-cv-1131-J-34JBT

STEVEN ESPOSITO, et al.,

    Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion for an Extension of Time to File a Response/Reply to Plaintiff's Motion for Summary Judgment (Doc. 22; Motion). Plaintiff Donald Rafeal McCiskill, a former inmate, initiated this action on October 10, 2017, by filing a pro se civil rights complaint under 42 U.S.C. § 1983, naming three Defendants (Doc. 1; Complaint). McCiskill previously filed a motion for summary judgment, on June 8, 2018 (Doc. 10), before any Defendant had made an appearance or responded to the Complaint. The Court struck the filing as premature and because McCiskill did not comply with applicable Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Middle District of Florida (Rule(s)). See Order (Doc. 17). At that time, the Court advised McCiskill that it would set deadlines for the completion of discovery and the filing of dispositive deadlines at the appropriate time. The Court has not yet entered an order setting deadlines in this case because, while two Defendants had filed an Answer (Doc. 19), the Court had not yet determined the status

of the third Defendant, J. Griffis. On August 7, 2018, the Court dismissed J. Griffis from this action. See Order (Doc. 23, dated August 7, 2018).[1]

One week after Defendants filed their Answer, on July 30, 2018, McCiskill again moved for summary judgment (Doc. 20; Summary Judgment Motion). The only factual basis McCiskill provides in support of his Summary Judgment Motion is his verified Complaint. See generally Summary Judgment Motion.

While Defendants have filed an Answer to the Complaint, McCiskill's Summary Judgment Motion is once again premature as it precedes the exchange of any discovery between the parties. Rule 56(b), which permits parties to file a motion for summary judgment at "any time until 30 days after the close of discovery," implicitly requires the parties to sufficiently develop the factual record before a district court may rule on such a motion. See Fed. R. Civ. P. 56(c) (requiring the parties to cite "materials in the record," including materials developed during discovery, such as "depositions, . . . admissions, [and] interrogatory answers"). Thus, "[t]he law in [the Eleventh] [C]ircuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of" a motion for summary judgment. Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997); Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870-71 (11th Cir. 1988) ("[S]ummary judgment may only be decided upon an adequate record." (internal quotations omitted)); Kelsey v. Withers, 718 F. App'x 817, 820-21 (11th Cir. 2017) (affirming the district court's decision to strike a premature summary judgment motion).

---

[1] Because all remaining Defendants have filed an Answer to the Complaint, the Court will, in this Order, set deadlines for the management of this case.

Consistent with this authority, the Court finds the Defendants should not be required to respond to the Summary Judgment Motion at this time. However, in light of the procedural posture of this case, rather than granting the Defendants' Motion, the Court determines the more appropriate course of action is to deny McCiskill's Summary Judgment Motion without prejudice to his filing a renewed motion for summary judgment at the appropriate time, <u>after</u> an adequate period for discovery. <u>See, e.g.</u>, <u>Williams v. Drew</u>, No. 5:11-cv-636-Oc-99TBS, 2013 WL 1181446, at *3 (M.D. Fla. Mar. 14, 2013) (denying a summary judgment motion as premature where the parties had not exchanged any discovery); <u>DeJesus v. Emerald Coast Connections of St. Petersburg, Inc.</u>, No. 8:10-cv-462-T-30TBM, 2010 WL 1839119, at *1 (M.D. Fla. May 4, 2010) (same); <u>Blumel v. Mylander</u>, 919 F. Supp. 423, 428-29 (M.D. Fla. Mar. 12, 1996) (admonishing counsel that filing a premature motion not only disregards the opposing parties' discovery rights but also wastes judicial resources). The Court finds that denial of the Summary Judgment Motion is warranted because any summary judgment motions filed in this fact-intensive civil rights case must take into consideration and be supported by the evidence disclosed during the discovery period. Because the Summary Judgment Motion cannot account for discovery not yet undertaken, it is due to be denied without prejudice. In light of the foregoing, it is

**ORDERED:**

1. McCiskill's Summary Judgment Motion (Doc. 20) is **DENIED without prejudice** to McCiskill filing a renewed motion for summary judgment <u>after</u> the close of discovery, as set forth below.

2. Defendants' Motion for an Extension of Time to File a Response/Reply to Plaintiff's Motion for Summary Judgment (Doc. 22) is **DENIED as moot**.

3. The parties shall conduct discovery so the due date of any discovery requested is no later than **December 17, 2018**. Any motions relating to discovery shall be filed by **January 3, 2019.**

4. All motions to dismiss and/or for summary judgment shall be filed by **February 4, 2019**.[2] This deadline is also applicable to the filing of any motions or the raising of any affirmative defenses based on qualified immunity.

5. Responses to any motions to dismiss and/or for summary judgment shall be filed by **March 21, 2019.**

6. The parties are encouraged to discuss the possibility of settlement and to maintain a realistic approach in making and/or considering any settlement offers. The parties shall promptly notify the Court if their settlement efforts are successful.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of August, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c: Donald Rafeal McCiskill
    Counsel of Record

---

[2] The Court requires the complete transcript of any deposition submitted as an exhibit.